IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 15, 2004

## STATE OF TENNESSEE v. JOEL OLIN KNIGHT

**Direct Appeal from the Criminal Court for Putnam County**
**No. 02-0458     Lillie Ann Sells, Judge**

---

**No. M2003-01751-CCA-R3-CD - Filed Janaury 19, 2005**

---

On appeal, the defendant asserts a breach of due process based on the absence of the violation warrant from the record at the time of his probation violation hearing. After careful review, we conclude that a copy of the warrant was admissible, under Tennessee Rule of Evidence 1003, to prove the defendant had notice of the claimed violations and the evidence against him. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Joe L. McLerran, Cookeville, Tennessee, for the appellant, Joel Olin Knight.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; William Edward Gibson, District Attorney General; and Benjamin W. Fann, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

This appeal arises from the trial court's order which revoked the probation of the defendant, Joel Olin Knight, and reinstated his eleven month, twenty-nine day sentence for evading arrest. The defendant's sole contention on appeal is that the absence of the violation warrant from the record at the time of trial violates the dictates of due process. We are not persuaded by this argument, thus we affirm the findings and sentence imposed by the trial court.

As the first of two witnesses were called at the probation violation hearing, the defendant's probation officer testified that he had supervised the defendant's probation and had filed a violation

warrant, which was issued and signed on April 23, 2003. Although no warrant was present in the file at the time of hearing, the court noted that the probation officer had in his possession a copy of the affidavit and warrant. The copy showed personal service was made on the defendant on May 8, 2003, and the court noted this fact; upon request of the court, the clerk confirmed the date of service. The court also requested that the document be copied and attached to the file following the hearing. In response, the defense counsel noted for the record that the original warrant was not present in the file; however, he made no challenge as to the authenticity of the document relied upon by the court.

Upon hearing the testimony of the probation officer and the arresting officer, the trial court found by a preponderance of the evidence that the defendant had violated his probation and thus reinstated his original sentence for evading arrest. The defendant now appeals to this Court.

**Analysis**

This Court has adopted several factors, previously announced by the United States Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761 (1973), requisite to establish the "minimum requirements of due process" in a probation revocation proceeding:

(a)     written notice of the claimed violations of [probation or] parole;

(b)     disclosure to the [probationer or] parolee of evidence against him;

(c)     opportunity to be heard in person and to present witnesses and documentary evidence;

(d)     the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);

(e)     a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and

(f)     a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.

State v. Shawn M. Brooks, No. M2001-02358-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 622, at *8-9 (Tenn. Crim. App., at Nashville, July 29, 2002) app. denied (Tenn. 2002) (quoting Gagnon v. Scarpelli, 411 U.S. at 786, 93 S. Ct. at 1761) (citations omitted).

The defendant initially contends that the first requirement, written notice of the violations, cannot be proven from the record at the time of the hearing. However, our Rules of Evidence state that, "A duplicate is admissible to the same extent as an original unless a genuine question is raised as to the authenticity of the original." Tenn. R. Evid. 1003. The Advisory Commission Comments to that rule further state, "Normally business people and lawyers accept machine copies as authentic. There is no reason why courts should not take the same approach in most instances." Tenn. R. Evid. 1003, Advisory Commission Comments.

Upon reviewing the transcript of the hearing, it appears that, although defense counsel noted for the record that the original warrant was not in the file, he did not challenge the authenticity of the copy or the fact that the defendant had, in fact, been personally served. As such, we conclude that the copy of the warrant was admissible in evidence as the original. Further, because the document

reflected that the defendant received personal service of the warrant on May 8, 2003, and because the issue of service was uncontested, we hold that the defendant properly received notice of the claimed violations, thus the requirements of due process were met.

Second, and finally, the defendant contends that the record at trial cannot prove that the second requirement, the disclosure of the evidence against him, was met. Again, the document relied on by the trial court reflects that the defendant was given notice of the evidence against him. The warrant alleges a new violation of the law and includes a list of the offenses, the case numbers involved, the date of the offenses, and the name of the arresting officer whose testimony was relied upon in the probation violation hearing. We reiterate that the issue of service was uncontested, the copy shows that the defendant received personal service of the document in question, and the copy is admissible as an original pursuant to Tennessee Rule of Evidence 1003. Therefore, we conclude that the defendant properly received notice of the evidence against him and that all due process requirements were satisfied.

### Conclusion

Based on the foregoing and the record as a whole, the trial court's findings and the sentence imposed are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE